[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL UPON VERDICT OF GUILTY
In the above-captioned matter, after a trial, the defendant was convicted by a jury of the crimes of FRAUDULENT RECEIPT OF WORKERS' COMPENSATION BENEFITS, in violation of Section 31-290c (a)(2), C.G.S. and of LARCENY IN THE FIRST DEGREE, in violation of Section 53a-122, C.G.S.
The defendant has moved the court for judgment of acquittal upon verdict of guilty pursuant to Section 42-51 of the Practice Rules.
The court heard oral argument regarding said motion and has also taken into consideration the applicable statutes, Practice Rules and case law and makes the following findings and orders.
The defendant has maintained throughout the trial that he did not commit either crime. He argues that he cannot be found guilty of non-disclosure of his professional responsibilities with Shannon Development Company (Shannon) for the reason that during the time prior to, during and after his receipt of benefits, he openly and notoriously disclosed and represented to his employer, United Parcel Service (UPS), Liberty Mutual Insurance (LMI), the insurer of UPS, and to the entire world, for that matter that he was affiliated with Shannon and, consequently, the jury, as a matter of law, cannot find him guilty of the CT Page 9918 element of non-disclosure as it effected his receipt of benefits.
The defendant further argues that his physical activities in the operation of Shannon were known to his physician and he was advised, medically, to "do what he could" in the performance of his duties with Shannon.
The State has responded to the defendant's argument concerning "non-disclosure" by properly noting that there was contradictory testimony concerning the defendant's assertions that he had been so notorious in his affiliations with Shannon and that it was well within the jury's province as the trier of the facts to decide that issue.
The State also pointed out that the defendant knew or should have known, as a prior beneficiary of Workers' Compensation benefits, that his status as Temporary Totally Disabled (TTD) prevented him from doing ANY work, regardless of the physical dexterity involved. There was evidence offered by the State that a number of individuals saw the defendant involved in a variety of tasks, including manual labor and carpentry work, while his status was TTD. The defendant offered contradictory evidence and testimony. Here again, the issue of whether the State had proven that element of the crime was a question of fact for the jury.
Likewise, to the extent that the elements of the crime of Larceny in the First Degree, were controverted by the defendant's evidence and testimony, it was well within the province of the jury to have that issue decided as well.
When a verdict is challenged because of insufficiency of evidence, the issue is whether the jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt. State v. Braxton, 196 Conn. 685, 691 (1985).
The evidence must be construed in a light most favorable to sustaining the trial court's verdict. State v. Williams, 205 Conn. 456, 468 (1987).
The relevant question on a sufficiency of evidence claim is whether the essential elements of the crime logically could have been found beyond a reasonable doubt by any rational trier of the fact. State v. Santangelo,205 Conn. 578, 603 (1987).
As to the verdicts regarding both Count One and Count Two of the Information in the above matter, the court cannot find, as a matter of law that the evidence does not reasonable permit a finding of guilty beyond a reasonable doubt. CT Page 9919
For those reason the motion is hereby DENIED.
By the Court,
Joseph w. Doherty, Judge